**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VICTORIA WINGERTER,

   Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

   Defendant-Appellee.

No. 22-35438

D.C. No. 3:19-cv-01929-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted April 19, 2023[**]
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and MORRIS,[***] District
   Judge.

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Brian M. Morris, United States District Judge for the
District of Montana, sitting by designation.

Victoria Wingerter (Wingerter) appeals the denial of her application for supplemental Social Security income.

An Administrative Law Judge (ALJ) deciding Social Security cases "must provide specific and legitimate reasons that are supported by substantial evidence" to justify giving less weight to the opinion of an examining physician. *Smartt v. Kijakazi*, 53 F.4th 489, 495 (9th Cir. 2022) (citation and internal quotation marks omitted).

Substantial evidence in the record supports the ALJ's decision to give Dr. French's opinion less weight, because Wingerter's improvements were not consistent with Dr. French's assessments. *See* 20 C.F.R. § 404.1527(c)(4)[1] ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the ALJ] will give to that medical opinion."). For example, three months after the onset of her impairments, Wingerter "reported that she was able to get up from the floor and carry her 10-pound daughter for short distances," casting doubt on Dr. French's assessment that she would "rarely" be able to lift ten pounds. A few months later, Wingerter reported that "she was unable to jog but [had] no problems with walking," contradicting Dr. French's assessment that "she

_____

[1]Because Wingerter applied for benefits in 2014, we apply 20 C.F.R. § 404.1527 rather than § 404.1520c. *See also Farlow v. Kijakazi*, 53 F.4th 485, 488 & n.3 (9th Cir. 2022).

should not walk for more than 50 feet on level surfaces" or walk on uneven surfaces. Although Dr. French projected that Wingerter's limitations would "persist[] for at least one more year," Wingerter reported during that time period her ability "to do some light lifting" and to "lift her daughter into the car seat."

Because the ALJ was not required to assign controlling weight to Dr. French's opinion, the conclusion that Wingerter was not entitled to benefits for any segment of that period is supported by substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may be reasonably discerned. . . .") (citation and internal quotation marks omitted).

Wingerter's reliance on *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995), *as amended*, is misplaced. That case only requires an ALJ to give "specific and legitimate reasons supported by substantial evidence in the record" to reject an opinion from a treating or examining physician. *Id.* at 830 (citation and internal quotation marks omitted). The ALJ's decision satisfied that standard. *See id.*

**AFFIRMED.**